OEXNER, Respondent, v. LOEHR, JR., et al., Defendants; DONCK, Appellant.

St. Louis Court of Appeals, November 5, 1908.

1. PRACTICE: Burden of Proof: Opening and Closing: Discretion of Court. The right of counsel to open and close an argument to the jury depends upon the practice and the discretion of the trial court, and the exercise of such discretion will not be reviewed or controlled by the appellate court unless it affirmatively appears the discretion was abused and the opposite party prejudiced thereby.

2. ———: ———: ———: ———. In an action on a promissory note where the defendant in a verified answer denied the execution of the note but admitted that she signed it on the back as indorser, and the issue tried was whether she was an indorser or maker, the trial court refused to permit the defendant to open and close the argument to the jury. *Held*, since there was nothing in the record to indicate the defendant was prejudiced by the ruling, it was not error.

3. NEGOTIABLE INSTRUMENT: Maker: Indorser. The questions of law arising in this case were decided by the court on a former appeal. [See 117 Mo. App. 698.]

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

AFFIRMED.

*Harlan, Jeffries & Wagner* and *Chase Morsey* for appellant.

(1) The burden of proof being on the defendant, the court erred in refusing to permit counsel for defendant to open and close the argument to the jury.

Bank v. Metcalf, 29 Mo. App. 384; Bates v. Forcht, 89 Mo. 121; Beller v. Supreme Lodge, K. P., 66 Mo. App. 499; Quarry Co. v. Construction Co., 72 Mo. App. 350. (2) The court erred in giving instruction number 2, at the request of plaintiff. Oexner v. Loehr, 117 Mo. App. 698. (3) The court erred in giving instruction number 4, at the request of plaintiff.

*A. H. Baer,* with *Carter, Collins & Jones* for respondent.

The order of argument of a case to the jury is a matter of practice resting in the discretion of the trial court and is not subject to review except where it clearly appears that the discretion was abused and the party materially prejudiced thereby. Farrell's Admr. v. Brennen's Adm'x, 32 Mo. 328; Reichard v. Insurance Co., 31 Mo. 518; Tibeau v. Tibeau, 22 Mo. 77; Wade v. Scott, 7 Mo. 509; Lucas v. Sullivan, 33 Mo. 389; Harvey v. Sullens, 56 Mo. 372; Corbett v. Mooney, 84 Mo. App. 645; Long v. Long, 66 Mo. App. 141; Beller v. K. of P., 66 Mo. App. 449; Elder v. Oliver, 30 Mo. App. 575; Meredith v. Wilkinson, 31 Mo. App. 1; Railroad v. North, 31 Mo. App. 351.

BLAND, P. J.—The action is on the following promissory note:

"$1,000.                     Belleville, Ills., Jan. 2, 1900.

"One year after date we promise to pay to the order of Michael Oexner, one thousand dollars for value received, negotiable and payable without defalcation or discount, with interest from date at the rate of six per cent per annum.

(20 cent Rev. Stamp cancelled.)   "FRED LOEHR, JR.
                                   WENDELING OEXNER."

The note was indorsed on the back as follows: "Emilie Donck, Josephin A. Loehr."

The process was against Emilie Donck alone, who for answer, stated, in substance, that she did not sign the note as a maker but wrote her name across the back of it as an indorser, and that she was not notified that demand of payment had been made at the maturity of the note and that it was not paid. The reply denied the new matter in the answer. Trial resulted in judgment for plaintiff from which Mrs. Donck appealed.

The evidence is that Fred Loehr and Michael Oexner, desiring to go into the coal business, in the city of St. Louis, made application to plaintiff for a loan of one thousand dollars; that plaintiff agreed to let them have that sum if they would get Mrs. Donck (Loehr's mother-in-law, with whom he resided at the time) as surety on a note for that amount. Plaintiff resided in Belleville, Illinois, where the note was prepared and delivered to Loehr, who took it to St. Louis, where it was indorsed by Mrs. Donck. It was then taken back to Belleville, delivered to plaintiff and the money handed over to Loehr and Oexner. Interest was paid on the note by Loehr and Oexner to January 12, 1902. Fred Leohr testified that he agreed with Mrs. Donck that plaintiff should notify her if the note was not paid at maturity and that at the time he delivered the note to plaintiff he told him he should notify Mrs. Donck when the note matured, if it was not paid at maturity, and plaintiff agreed to give such notice and took the note with that understanding. Mrs. Donck testified that she was at plaintiff's house a few weeks after the note was made and that plaintiff told her he would notify her when the note was due, if it was not paid. Plaintiff testified that he asked security on the note and Loehr asked him how his mother-in-law (Mrs. Donck) would do; that he said, "I guess it is all right;" that the note was brought back with her name across the back of it and he accepted it; that not a word was said about any notice to Mrs. Donck. Plaintiff also testified that he did not at any time have

any conversation with Mrs. Donck about giving her notice of nonpayment of the note.

The following instructions given by the court in behalf of plaintiff were objected to, to-wit:

"2. The court instructs the jury that the burden of proof is on the defendant, Emily Donck, to establish by a preponderance of the evidence that there was such an agreement or understanding between her and the plaintiff that she was to be treated or held as indorser. By the term 'preponderance of evidence' as used in this instruction, is not meant the greater number of witnesses, but the greater weight of credible testimony in the case.

"4. The court further instructs you that it is not enough for you to find that said defendant, at or before the delivery of said note, understood or believed that she had signed the same as an 'indorser,' in its legal sense, but you must also find from the evidence that such was also the understanding and belief of the plaintiff at or before the delivery to him of said note, and unless you do so find, your verdict must be for the plaintiff.

"6. The court instructs you that conversation had by the defendant Emily Donck with Fred Loehr, Jr., with reference to the indorsement of the note in question, are not binding on the plaintiff in this case, unless the plaintiff was present in person or by representative, or unless before the note was accepted or received by him, he was informed of such conversations, so that he can be said to have acted with knowledge thereof, or to have acquiesced therein."

Complaint is also made that the court refused to permit defendant to open and close the case.

1. The petition alleges that Mrs. Donck is a maker of the note sued on and that it is overdue and unpaid. Mrs. Donck filed a verified answer, which was a general denial and an allegation that she was not a maker of the

note but wrote her name on the back of it as an indorser. Therefore, plaintiff could not recover without the introduction of essential evidence, to-wit, the note, and evidence that it had not been paid. Hence, primarily, the burden of proof was on him. It is true, the note itself showed prima facie that Mrs. Donck was liable as a maker but it contained no inherent evidence of the other issue, that it had not been paid. Therefore, the case is not one of confession and avoidance, in which the burden in the first instance is on the defendant and where he would have the undoubted right to open and close. Ordinarily, where the plaintiff is required to introduce some evidence to entitle him to recover, the burden of proof rests upon him and he is entitled to open and close. But if the burden on the plaintiff is but slight, and his evidence when introduced is not controverted, and the real contest is confined to the matter set up as a defense, the trial court may, in the exercise of a sound discretion permit the defendant to open and close, and the exercise of this discretion is not open to review on appeal. In recognition of this rule of practice the St. Louis Circuit Court adopted a rule which, so far as the same is pertinent here, reads as follows: "In those cases in which the court decides that the defendant has the affirmative of the issues, he shall have the opening and closing of the argument in like manner, and under the same restrictions as above laid down for the plaintiff. The court may in its discretion change the order of argument as above prescribed, in a particular case where the circumstances in the opinion of the court require it, and where it is so ordered before the argument begins." The right of counsel to commence or conclude an argument to a jury depends upon the practice and the discretion of the trial court, and such power and discretion will not be reversed or controlled by an appellate court, unless it affirmatively appears the discretion was abused and the opposite party prejudiced thereby. [Wade v. Scott,

7 Mo. 509; Lucas v. Sullivan, 33 Mo. l. c. 390; Corbitt v. Mooney, 84 Mo. App. 645.] The case of Grant Quarry Co. v. Lyons Construction Co., 72 Mo. App. 531, cited and relied on by defendant, was an action on a promissory note, the execution of which was admitted by the defendant. Defendant filed a counterclaim and all the evidence and all the instructions were directed to the counterclaim. The defendant, therefore, as to the only issue of fact in the case was, in effect, the plaintiff, and the burden of proof rested upon it. In these circumstances, it was held plaintiff had the right to open and close. And assuming without saying so, that the defendant was prejudiced by a denial of this right, the judgment was reversed and the cause remanded. Now, if we should concede (which we do not) that defendant had the right to open and close there is nothing in the record to indicate that she was prejudiced by a denial of the right, and we rule this assignment of error against defendant.

2. Instructions numbered 4 and 6, given for plaintiff, are in harmony with the opinion of this court on the second appeal (see 117 Mo. App. 698). Instruction No. 2 is in accord with the position taken by defendant on the trial, that the burden was on her to establish her defense, therefore she is in no position to complain of the instruction.

No reversible error appearing, the judgment is affirmed. All concur.